**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Troy K. Lewis, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Cause No. 1:23-cv-132 |
| Trans Global Solutions, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff, Troy K. Lewis, files this Original Petition against Defendant Trans Global Solutions.

### II.

### PARTIES

1.      Plaintiff is an individual and a citizen of Jefferson County, Texas.

2.      Defendant is a corporation with its principal place of business located in Jefferson County, Texas.  Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, Brian Bommer, at 1735 W. Cardinal Drive, Beaumont, Texas 77705, or wherever he may be found.

## III.

## <u>JURISDICTION</u>

3.      The Court has jurisdiction over this matter involves a question of federal law per 28 U.S.C. §1331, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.

4.      Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

## IV.

## <u>VENUE</u>

5.      Venue is proper in Jefferson County because (a) Defendant's principal place of business is in Jefferson County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Jefferson County.[2]

---

[1] Tex. Civ. Prac. & Rem. Code § 15.002(a)(2).

[2] Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## V.

## BACKGROUND FACTS

6.      Plaintiff is an African American, male.

7.      On June 28, 2022, Plaintiff was sent for a yearly hair follicle, drug screen test.

8.      Because Plaintiff knew of at least two other employees of Defendant that had incorrectly failed their tests, Plaintiff went to another lab for a hair follicle drug test before he went to the lab assigned by Defendant.

9.      The amount of time between these two tests was about ten (10) minutes.

10.      Plaintiff learned from the first lab that he had perform his drug test that he had passed and there was not indication of any drugs in his system that violated any policy established by Defendant.

11.      On July 4, 2022, Plaintiff was instructed to leave work and sent home.

12.      On July 5, 2022, Defendant's representative called Plaintiff and stated that Plaintiff had tested positive for marijuana use.

13.      Despite Plaintiff's protests and requests that he be retested because he had in fact received a pass from the other drug test he took, Defendant terminated Plaintiff's employment.

14.      Plaintiff then contacted his supervisor and informed him of the different test results.

15.      As Plaintiff's supervisor instructed, Plaintiff delivered the paperwork regarding the two test results to Defendant's Hiring Manager.  Plaintiff further explained to the Defendant's Hiring Manager the discrepancy.

16.      Plaintiff also raised the issue of knowing of a white male employee of Defendant who also failed his drug test but was allowed to retest and was not terminated.

17.    When Plaintiff attempted to discuss these matters with Defendant's Hiring Manager one of Defendant's Human Resources representatives came out of his office and started to berate Plaintiff, telling Plaintiff "not to compare [himself] to anther employee's situation and [Plaintiff should not] come in here harassing employees."

**VI.**

**CONDITIONS PRECEDENT**

18.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and the Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

19.    The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

20.    More than 180 days have passed since the Charge was filed and no action has been taken.

21.    Plaintiff has timely exhausted all administrative remedies.

**VII.**

**CAUSES OF ACTION**

A.    **Cause of Action—Discrimination—TCHRA[3] and Title VII of the Civil Rights Act of 1964**

22.    Plaintiff incorporates each of the foregoing paragraphs.

23.    Defendant discriminated against Plaintiff because of Plaintiff's race/color.

24.    Defendant's actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

---

[3] Texas Commission on Human Rights Act.

**B.      Cause of Action—Discrimination—Discriminatory Discharge —TCHRA[4] and Title VII of the Civil Rights Act of 1964**

**C.**

25.      Plaintiff incorporates each of the foregoing paragraphs.

26.      Defendant terminated Plaintiff's employment because of Plaintiff's race/color.

27.      Defendant's actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

**D.      Cause of Action—Unlawful Retaliation—TCHRA[5] and Title VII of the Civil Rights Act of 1964**

28.      Plaintiff incorporates each of the foregoing paragraphs.

29.      Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055 and Title VII of the Civil Rights Act of 1964.

30.      In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

31.      Defendant's actions violated section 21.055 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

**VIII.**
**DAMAGES**

32.      Plaintiff incorporates each of the foregoing paragraphs.

33.      Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

---

[4] Texas Commission on Human Rights Act.

[5] Texas Commission on Human Rights Act.

34.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

35.     Plaintiff seeks all damages available under the TCHRA and Title VII of the Civil Rights Act of 1964.

36.     Plaintiff seeks all available damages under the Texas Anti-Retaliation Statute.

## IX.
## ATTORNEYS' FEES AND COSTS

37.     Plaintiff incorporates each of the foregoing paragraphs.

38.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

39.     Pursuant to Texas Labor Code section 21.259 and Title VII of the Civil Rights Act of 1964, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.
## RESPONDEAT SUPERIOR

40.     Plaintiff incorporates each of the foregoing paragraphs.

41.     Defendants are liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XI.
## JURY TRIAL

42.     Plaintiff incorporates each of the foregoing paragraphs.

43.     Plaintiff demands a jury trial.

## XII.
## PRAYER

44.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Reasonable attorneys' fees and expert fees;

E.     equitable relief, including but not limited to, an Order:

(i).     Prohibiting Defendant / Defendants from engaging in unlawful discrimination;

(ii).     Paying court costs;

(iii).     Any additional equitable relief the Court deems proper;

F.     Court costs;

G.     Pre-judgment and post-judgment interest at the rate set by law; and

H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Mark D. Downey
MARK D. DOWNEY
Texas Bar No. 00793637
mdowney@dlawgrp.com
**D LAW GROUP/MARK D DOWNEY PLLC**
5308 Ashbrook
Houston, Texas 77081
214-764-7279 / 214-764-0810 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**